_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-05519-FWS-SP                             Date: August 19, 2022
Title: John C. Rodriguez v. R. Madden *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING VENUE**

**I.      Background**

On August 5, 2022, pro se Plaintiff John C. Rodriguez filed a Complaint ("Compl.") asserting a claim under 42 U.S.C. § 1983 against Defendant R. Madden and Defendant Valencia (collectively, "Defendants"). (*See generally* Dkt. 1.) Defendant Madden is the warden of the Richard J. Donovan Correctional Facility. (*Id*.) Defendant Valencia is a correctional officer at the same facility. (*Id*.) Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment based on a December 14, 2020, incident when Plaintiff fell down the stairs at the Richard J. Donovan Correctional Facility. (*Id*. at 4.)

Based on the allegations of the Complaint, the court observes that the events underlying Plaintiff's claim appear to have occurred entirely at the Richard J. Donovan Correctional Facility. (*See generally* Compl.) A court has the authority to raise the issue of improper venue on its own motion where the issue of venue has not been waived. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The court sua sponte takes judicial notice under Federal Rule of Evidence 201 that the Richard J. Donovan Correctional Facility is located in San Diego, California, within the Southern District of California. *See Townsend v. McDonnell*, 2019 WL 7882085, at *3 (C.D. Cal. Dec. 12, 2019) ("Courts may take judicial notice of matters of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05519-FWS-SP                                  Date: August 19, 2022
Title: John C. Rodriguez v. R. Madden *et al.*

___

geography that cannot reasonably be questioned."). The court thus considers whether venue is proper in the Central District of California.

28 U.S.C. § 1391(a) provides that the federal venue statute governs "the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a). Under § 1391(b), venue is appropriate in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. § 1391(b).

Here, the court observes that venue appears to be improper in the Central District of California because the Complaint does not state that Defendants Madden and Valencia reside in this judicial district and the allegations indicate that the "events or omissions giving rise to the claim" occurred entirely within the Southern District of California. *See Garcia v. Diaz*, 2021 WL 3125523, at *1 (C.D. Cal. Apr. 27, 2021) ("For cases based on federal question jurisdiction, such as this one, venue is appropriate in the following district: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial portion of the events giving rise to the claims occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.").

Based on the state of the record, as applied to the applicable law, the court **ORDERS** Plaintiff to show cause either why venue is proper in this judicial district or address potential transfer of this case to the Southern District of California within **twenty-one (21)** days of

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05519-FWS-SP                                        Date: August 19, 2022
Title: John C. Rodriguez v. R. Madden *et al.*

___

service of this Order.[1]  Failure to adequately comply with the court's order may result in dismissal without prejudice or transfer of the case.  *See* Fed. R. Civ. P. 41(b); *Costlow*, 790 F.2d at 1488 ("28 U.S.C. § 1406(a) states that '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought'"); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) ("A determination of improper venue does not go to the merits of the case and therefore [dismissal] must be without prejudice"); *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962) (courts have inherent power to achieve the orderly and expeditious disposition of cases by dismissing an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court order); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

**II.    Disposition**

For the reasons set forth above, Plaintiff must show cause why venue is proper in this judicial district or address potential transfer of this case to the Southern District of California within **twenty-one (21)** days of service of this Order.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

___

[1] The court will reserve ruling on Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) until the preliminary issue of venue has been resolved.

___